UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TERRY L. BUTLER,                )
                                )
        Plaintiff,               )
                                )
v.                              )    No. 1:15-cv-90-HSM-SKL
                                )
STEPHEN F. ECHOLS, *et al.*,    )
                                )
        Defendants.              )

## ORDER

This case involves a *pro se* Plaintiff, Terry L. Butler ("Plaintiff"), who is suing Defendants Stephen F. Echols, Tennessee Temple University, and the Board of Trustees of TN Temple University (collectively, "Defendants") for "breach of contract (fraud) and wrongful termination" [Doc. 1 at Page ID # 4]. Plaintiff has filed an Application to Proceed *In Forma Pauperis* ("IFP Application") [Doc. 2]. For the reasons discussed below, Plaintiff will be **GRANTED** an additional **30 days** to amend his complaint, and Plaintiff is also **ORDERED** to submit a new IFP Application within **30 days**.

The Court liberally construes a *pro se* complaint as required. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*) (A *pro se* complaint, however inartfully pleaded, should not be dismissed for failure to state a claim if the allegations "are sufficient to call for the opportunity to offer supporting evidence"). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When determining whether a complaint is frivolous or fails to state a claim, the Court bears in

mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his complaint, Plaintiff claims that he

> . . . was wrongfully and egregiously dismissed and wrongfully terminated from his graduated [sic] studies after earning an "A" status for his first year and having the Dean/Chair of his department have him teach an online course the following year y et [sic] to become terminated without notice even after the Plaintiff notified the School of his prevailing hardship and request for a Withdrawal ("W") still the leadership as one wrongfully violated the individual's rights and their actions caused harm to the individual which requires damages . . .

[Doc. 1 at Page ID # 5]. Plaintiff's describes his hardship as occurring after he had enrolled at Tennessee Temple, "at which point life served him a sour dough in that his wife became permanently disabled . . . [and] then he was told at a later state that his beloved elderly mother was mistreated by a family member . . . [and] she later expired." [*Id.* at Page ID # 4]. Plaintiff makes vague references to his rights to equal protection and due process [*Id.* at Page ID # 3].

Construing Plaintiff's complaint liberally, it does not state a legal claim upon which relief can be granted, nor does it state facts which would support a federal claim. The complaint appears to assert that there is no diversity of citizenship among the parties, as it states that "jurisdiction is noted as all parties as [sic] located in/at the Court as by rule of law." [*Id*. at Page ID # 5]. Thus, as currently pleaded, Plaintiff's complaint fails to set forth facts which might be

2

liberally construed to support a federal claim against Defendants. Nevertheless, because Plaintiff may be able to cure these deficiencies, the Court will grant Plaintiff a short extension of time in which to amend his complaint and correct these deficiencies

The IFP Application provides the Court with insufficient information to determine whether Plaintiff is indigent. Plaintiff submitted a short form application, in which he indicated that he earns no wages, but he does have income from other sources specifically "eggs" that he states the Lord has supplied. Plaintiff further states that he does not have any savings and does not own any assets. Plaintiff states that his transportation expenses are paid through the U.S. Bankruptcy Court Trustee. Plaintiff indicates that he has a dependent daughter and owes debts to the Bankruptcy Court. Plaintiff does not provide any information regarding his monthly expenses, such as housing or food, and he does not provide any information regarding his spouse's income. Plaintiff has not indicated how he pays his monthly expenses, as he states she has no income or assets. As such, the Court is unable to determine from the information provided whether Plaintiff would be able to pay the civil filing fee without significant hardship and still be able to provide himself with basic necessities.

Accordingly, the Court **DIRECTS** the Clerk's office to mail the long form IFP Application, along with this Order, to Plaintiff. Plaintiff **SHALL** return his completed application **within 30 days** of the entry of this Order. Plaintiff is on notice that failure to submit the requested information may result in denial of his application to proceed without paying the civil filing fee. Additionally, Plaintiff is **GRANTED 30 days** from the date of this order in which to file an amended complaint, in order to cure the deficiencies of pleading in the original complaint. If Plaintiff files an amended complaint, he **SHALL** entitle it "Amended Complaint." Any amended complaint must be complete in itself without reference to his original complaint, as the

original complaint will be superseded by the amended complaint. Plaintiff is on notice that any failure to state a claim in an amended complaint will result the dismissal of this action.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE